IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**VICTOR CHARLES ZERBY,**
      Plaintiff,

vs.                                                      Case No: 3:09cv284/LC/MD

**WALTER A. MCNEIL, et al.,**
      Defendants.
_____

## SECOND REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this civil rights action on June 28, 2009,[1] by filing a complaint under 42 U.S.C. § 1983. (Doc. 1). He filed a second amended complaint on September 2, 2009. (Doc. 8). For the reasons that follow, this case should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

At the time plaintiff initiated this action, he was an inmate of the Florida penal system confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). He has since been released. His second amended complaint names four defendants: Walter A. McNeil, Secretary of the Florida Department of Corrections ("DOC"); Ms. Kemp, "Food Administrator" of the DOC; Warden Ellis, Warden of Santa Rosa CI; and Ms. Smith, Kitchen Supervisor of Santa Rosa CI. Plaintiff alleges that when he arrived at Santa Rosa CI in August of 2007, he weighed approximately 182 pounds. At the time he filed his initial complaint in this case, he weighed 164 pounds. (Doc.

---

[1] The complaint was delivered to prison officials for mailing on that date. It was received by the court on July 2, 2009.

8, p. 8 ¶ 2). Plaintiff attributes his weight loss to the defendants serving inadequate food portions and food that poses a health risk. Specifically with regard to the latter, plaintiff alleges he was sickened repeatedly by rotten and contaminated food.[2] Claiming violation of his Eighth Amendment rights, plaintiff seeks the following relief:

> Plaintiff seeks punitive damages for "pain and suffering" caused by defendants, in the amount allowable by law. Plaintiff seeks injunctive relief from being served food that pose's [sic] a threat to his health. Plaintiff seeks liens removed from his account for litigation. Plaintiff seeks an alternative food with equal nutritional value.

(Doc. 8, p. 12.).

On July 6, 2010, plaintiff's claims against defendants McNeil and Kemp were dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted. (Doc. 50). The remaining defendants (Smith and Ellis) have filed a motion for summary judgment. (Doc. 46). That motion is pending, as is plaintiff's motion for summary judgment (doc. 51).

Plaintiff was released from DOC custody on August 26, 2010.[3] Accordingly, on September 20, 2010, this court entered an order requiring plaintiff to show cause why his release did not warrant dismissal of this case, because his requests for injunctive relief were moot and his requests for monetary damages were barred by 42 U.S.C. § 1997e(e). (Doc. 66). Plaintiff was expressly warned that failure to respond to the order would result in a recommendation that this case be dismissed.

---

[2] According to plaintiff, he was sickened by the potatoes (stomach pains and diarrhea) several times and therefore refused to eat them. (Doc. 8, p. 8 ¶ 2). On March 24, 2008, plaintiff ate meatloaf which caused him severe stomach pain and diarrhea. (*Id*., p. 10 ¶ 8). On March 25, 2008 plaintiff and hundreds of other inmates were sickened with food poisoning due to defendant Smith's alleged poor food preparation. (*Id*, p. 8 ¶ 4, p. 10 ¶ 8). Plaintiff alleges that on March 27, 2008, defendant Smith was informed that the meat in the stroganoff was sour, but ordered that it be served anyway. (*Id*., p. 10 ¶ 9).

[3] On August 22, 2010, plaintiff notified the court that he was being released on August 26, 2010, and provided his anticipated address upon release. (Doc. 61). On September 13, 2010, plaintiff confirmed his release and new address. (Doc. 65). The DOC website indicates that plaintiff was released from DOC custody on August 26, 2010. *See* www.dc.state.fl.us/.

*Case No: 3:09cv284/LC/MD*

**To date, plaintiff has not responded.**

### DISCUSSION

Since plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine if it is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Marsh*

*v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

As explained in the court's September 20, 2010 order (doc. 66), plaintiff's requests for injunctive relief are mooted by his release from prison. No order from this court requiring the defendants to act as plaintiff requests could have any effect. Furthermore, since there appears no reason to believe that plaintiff will again be confined at Santa Rosa CI under the same circumstances, the narrow exception for cases that are capable of repetition yet evading review does not apply. *See, e.g., Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir. 1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred); *McKinnon v. Talladega County,* 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers). Accordingly, plaintiff's claims for injunctive relief are due to be dismissed.

The only remaining relief sought in this case is punitive damages for the "pain and suffering" plaintiff experienced as a result of the defendants' conduct. However, because plaintiff was incarcerated at the time he initiated this suit, he is prohibited by statute from recovering such relief. The Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit addressed the implications of § 1997e(e) and concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002) (citing *Harris v. Garner*, 216

F.3d 970, 984-85 (11th Cir. 2000) (en banc)). This § 1983 action brought by plaintiff is a "Federal civil action" under this definition. Further, it is undisputed that plaintiff filed his complaint while imprisoned, and that the harm complained of occurred while he was in custody. Plaintiff seeks punitive damages for the "pain and suffering" he experienced as a result of the defendants' alleged conduct. However, his second amended complaint alleges no physical injury, much less one that is more than *de minimis*. His stomach pains and diarrhea do not support a finding of more than a *de minimis* physical injury, if that. *See, e.g., Watkins v. Trinity Serv. Group, Inc.*, Case No. 8:05-cv-1142, 2006 WL 3408176, at *4 (M.D. Fla. Nov. 27, 2006) (holding that prisoner's alleged physical injuries – diarrhea, vomiting, cramps, nausea, and headaches from eating spoiled food – were *de minimis*); *see also, e.g., Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (holding that while vomiting and nausea are unpleasant, they are *de minimis* physical injuries). Nor does plaintiff's weight loss indicate the requisite physical injury. *See Pratt v. Corrections Corp. of Am.*, 2006 WL 2375656 at *5-*6 (D. Minn. Aug. 16, 2006 (holding that 5 foot 8 inch prisoner's loss of 30 pounds (from 260 lbs. to 230 lbs.) over 9-month period was insufficient to satisfy the physical injury requirement of 42 U.S.C. § 1997e(e)); *Osterback v. Johnson*, 2003 WL 25571396 at *6 (M.D. Fla. 2003) (dismissing prisoner's compensatory damages claims as barred under 42 U.S.C. § 1997e(e), where prisoner's allegations consisted of "slight weight loss (11 pounds), nausea, back pain, a sinus condition, appetite loss and headaches"); *see also Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (holding that inmate who was deprived of 50 meals in five months, losing 15 pounds, had not shown that he was denied "anything close to a minimal measure of life's necessities"). Thus, these claims are also subject to dismissal. *See Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e), but vacating and remanding with directions to enter dismissal without prejudice); *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007)

(stating that under Eleventh Circuit case law, § 1997e(e) precludes an inmate's claims for compensatory and punitive damages); *Hale v. Secretary for Dep't of Corrections*, No. 08-15754, 348 Fed. Appx. 489, 491-92 (11th Cir. Sept. 21, 2009) (same); *Quinlan v. Personal Transport Services, Co.*, No. 08-14121, 329 Fed. Appx. 246, 249 (11th Cir. June 5, 2009) ("Under section 1997e(e), a plaintiff may not recover monetary damages (compensatory or punitive) for mental or emotional injury unless he also alleges that he suffered more than *de minimis* physical injury."); *Frazier v. McDonough*, No. 07-13986, 264 Fed. Appx. 812, 815 (11th Cir. Feb. 6, 2008) (same); *Asad v. Crosby*, No. 04-13825, 158 Fed. Appx. 166, 168 n. 1 (11th Cir. Nov. 9, 2005) (affirming dismissal of punitive damages claims under 42 U.S.C. § 1997e(e) where the plaintiff did not assert any actual physical injury resulting from the defendants' conduct).

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's claims for injunctive relief against defendants Ellis and Smith be DISMISSED as moot.

2.  That plaintiff's remaining claims for punitive damages against defendants Ellis and Smith be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

3.  That, in the alternative to the above, plaintiff's claims against defendants Ellis and Smith be DISMISSED WITHOUT PREJUDICE for failure to comply with an order of the court.

4.  That judgment be entered in accordance with the order adopting this Second Report and Recommendation, and in accordance with the court's July 6, 2010 order (doc. 50) adopting the undersigned's first Report and Recommendation.

5.  That all pending motions be DENIED as moot.

6.  That the clerk be directed to close the file.

At Pensacola, Florida, this 2nd day of November, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**